## CERTIFICATES OF MEMBERS.

The omission of a return upon the certificate of a representative, stating that he has been duly notified of his election and summoned to attend the general court, does not affect the validity of the election or of the return.

On the seventh of January, 1845, the certificates of the members of the house were referred[1] to the committee on elections.

On the 15th the committee reported,[2] that they had examined the same and compared the certificates of election transmitted to the secretary, in compliance with the provisions of the Act of 1844, c. 143, "concerning the organization of the house of representatives," with those received from the members.

The report then proceeds as follows:—

"The eighth section of the fifth chapter of the Revised Statutes makes it the duty of the selectmen of towns, within three days after the election of a representative, either by a constable or some other person by them specially authorized, to give notice of the choice to the person elected, and the tenth section of the same chapter provides, that the certificate of the person chosen shall have a return thereon, signed by the constable or other person specially authorized to give notice, stating that notice of the choice was given to the person elected, and that said person was summoned to attend the general court accordingly. All the certificates examined by the committee, except two, contain returns stating that the person or persons elected were duly notified and summoned. In one of the cases, where no such return was made by a constable or person specially authorized, there is an endorsement on the certificate that the representative elected, 'being himself the constable of the town,' was notified and summoned by the selectmen. In the other case, there being no such return on the certificate, the committee have ascertained from the sitting member, that being himself one of the selectmen, notice and summons were deemed unnecessary.

[1] 67 J. H. 48.      [2] Same, 101.

While the committee would recommend to town officers a strict compliance in all cases with the provisions of law relating to elections, they, at the same time are of opinion, that where a certificate, signed by the selectmen, corresponds substantially with the requirements contained in the ninth section of the fifth chapter of the Revised Statutes, it is to be received as *prima facie* evidence of an election, although it may not have a return thereon required by the tenth section of the same chapter.

The design of the law seems to be to give the representative official information of his election, and for that purpose, it imposes a duty on certain officers of the town. But if that duty has been neglected, if the person chosen has not been notified and summoned, the defect seems to be supplied by his appearing and taking his seat in the house; otherwise it might be in the power of town officers, by their own delinquency, to infringe the rights of a representative who had been legally chosen.

This construction of the law, so far as the committee have been able to ascertain, has been adopted by the house heretofore. They therefore report that all the certificates which they have examined are correct in form."

This report was forthwith agreed to.[1]

---

NOTE. At the next session, in 1846, the committee on elections made a report upon the returns of the members of the house, referring to the foregoing, and taking similar ground in regard to three cases in which the members had not been duly notified, and that report was agreed to as soon as made.[2]

[1] 67 J. H. 101.          [2] 68 J. H. 11, 37.